Okay, counsel, please approach. All right, can you tell us who you are and who you represent? Sure. Good morning, Your Honors. I'm Lloyd Brooks, and I represent the defendants below who are the appellants before you. Okay. And my name is Anthony Tony Valoulis, and I represent the plaintiffs at the Lees v. Lenz. How do you spell your last name? It's V as in Victor, A-L-I-U-L-I-S. But the I is silent, which is what screws everybody. Valoulis. I'm Valoulis. Okay. Not the Lucas. Not the Lucas. You've heard that before, I'm sure. I've gotten his mail. I'm sure he's gotten mine. I've gotten phone calls. Some of them might be good to open, I'm sure. I haven't done that. Okay. We typically give 15 minutes per side if you want to reserve some time for rebuttal, do that. We do have two other cases today, so we're likely to hold you to those limits. So please proceed. You weren't on the original brief. I was not, but I did file the brief. We're happy to hear from you. Thank you. Shall I remain at the podium? Sure. Whenever you're ready, Your Honors. Please proceed. Good morning, once again. My name is Lloyd Brooks, and I do represent Ezekiel Manzo and Cecilia Ypez. We've referred to them below and before the Court as just the Manzos. I'm sure the Court has read all the briefs and are prepared, and so I'd like to start off just by asking if there are any concerns or questions that any of the Justices have. I'd like to start with those. Otherwise, I do have some comments. The floor is yours. Thank you. What the Court has before it this morning are a few issues that I believe are probably divided into two separate camps. The first one is the statutory damage claim made by my clients under the Truth in Lending Act for violations of that act, and the second one is a separate claim for relief also under the Truth in Lending Act for rescission. The two claims are completely separate, governed by different periods of limitations to bring those actions. Yet at the circuit court, there appears to have been maybe some confusion on that point, and the two were conflated into one, and the counterclaim for our statutory damages were dismissed, along with the rescission claim, despite the fact that the U.S. Bank's motion to dismiss didn't specifically address the statutory damage claim. What are your damages under that claim? Well, the statutory damage claim, as the Justice's name suggests, it's set by statute. Under the Truth in Lending Act, it would be $4,000 per violation, and at the time the counterclaim was filed, there was only one allegation of a violation, so it would have been $4,000 per plaintiff or per counterplaintiff. Can you put a ballpark number on it? I mean, the case was filed in 2006, so I'm guessing that by now you ought to be able to give us a ballpark number as to what the damage claims for your client would be. It would have been capped at the $4,000 per counterplaint. And would there be setoffs involved in that? Well, more than likely, I'm sure U.S. Bank would have asked that that amount be set off against their ultimate judgment, but that didn't occur either because the counterclaim was dismissed in its entirety, so my clients didn't get that relief either. But, you know, just trying to figure out the math here, wouldn't the setoffs be much greater than any damage claim that your client would be entitled to? I believe that's probably true. I'm sure the judgment of foreclosure is in the appendix. If I'm not mistaken, the ultimate judgment was in excess of $300,000, if I'm not mistaken. I think that's the number. So my client's $4,000 certainly would not have absorbed the entire judgment against them. So if the case were to be sent back on that issue, the court would look at it and say, well, you've got $4,000 here and you've got $300,000 here. I'll just do the math and that part of it's over? Is that the relief that you're seeking? Ultimately, that probably should have occurred is that our counterclaim, if it was litigated and we were successful, then their judgment of foreclosure were they to receive one would have been reduced by my client's statutory damage claim. In addition to that, of course, there's the award of attorney's fees and things of that nature as well that would have to have been addressed. But, again, none of that got addressed because the counterclaim was simply dismissed. Tell me about the Beach case and how you think you get around it. Well, the Beach case addresses the rescission claim. Yeah, I'm switching from that. And that's fair enough, Your Honor. As far as the rescission claim goes, I think there are two things we're looking at there. The first thing is we believe we made a timely election in the first place, so Beach becomes inapplicable because Beach only gets discussed if we are assuming my client's initial notice of their election to rescind that loan came more than three years after the loan was made. But I don't find anywhere in any of the four letters anything to say I rescind today, now. You're absolutely correct, Your Honor. None of the letters have that kind of verbiage in it. And you have to. Well, at that point I disagree, Your Honor. Otherwise, I, as the bank, are in violation. If we act or we don't act, and you went on that issue, then the bank's in jeopardy because it didn't act within the 20 days. Well, clearly, Your Honor. How do you get between those two lines? I'll tell you how we deal with that, Your Honor. We look at the statute as well as Regulation Z and we follow those. Both the statute and Regulation Z do not specifically set forth the language that has to be used in order to elect. Instead, both of them talk about there just being a written communication. So we don't have a ton of guidance from the language of the statute. I'm sure we will after this case is done. Well, no, that may be the case, Your Honor. But we do have some guidance, even though the statute and regulations don't specifically say what the borrower has to announce or state. We have, for instance, the form that the Federal Reserve Board created itself for the purpose of a consumer getting notice that they have this right and electing to use the right. That form that they created simply says, I wish to cancel. It doesn't say, I'm rescinding now. It doesn't say, this is a rescission. It says, I wish to cancel. But the letters, you know, I think a fair distillation of the letters that we're talking about is that, you know, unless we can figure something out, we might file this counterclaim that's going to ask for rescission. That's a little bit different than even saying, I wish to rescind. The circuit court certainly took that position as well, Your Honor. And we don't agree that that's how the letters should be read because the letters clearly set forth that TILA violations had occurred and that my clients wanted to rescind the loan. And the discussions were how to resolve there being litigation over that. I think it's important to point out rescinding a loan doesn't require a lawsuit. Not yet. It is indicated the cases go three ways. But the most logical conclusion is to file a lawsuit. Because that brings it to fruition. But in your case, even with that act, the pleadings, there was no response? The counterclaim was not officially filed and acted on. The counterclaim was not filed within three years. There's no dispute there. And I think then that gets us to dealing with Beach, which was your original question, is how do we deal with that? And I'm asking you, how do we get around that? And that's exactly my next point there is Beach, the decision in Beach actually sets forth what we're here discussing as well, which is the time limitation set under 1635F, which is the three-year period everybody's familiar with. Beach recognized that the U.S. Congress didn't make that bar absolute. It allowed consumers to continue to use their right to rescind even after the three-year time period has passed. But it's only allowed to be used in the form of a state court remedy or under state court procedures. So now there's no affirmative right. For instance, I couldn't go down the street to 219 South Dearborn and have filed my client's claim after that three years. But now you run into Terry. And now we run into Terry. You're right. And I'm not sure if the panel is aware of this, but I was also counsel for the litigant in Terry, so I'm very familiar with that case and its underlying facts. One of the issues I have with the Terry decision is it reached the conclusion regarding 13207, and it wasn't before the court at the time. 13207 was not before the court. And it didn't need to discuss 13207. In the discussion they have about 13207, there isn't any consideration of any case law with respect to whether or not 13207 could be used to save the claim. And if Your Honors have read the decision already, it gives very short to that particular issue. Why do you even have to reach for that in this case? Am I correct in remembering the facts here that during this three-year period of time, the letters were written and then some eight months or so before the three-year date, there was a motion for leave to file the counterclaim, and then it isn't until the day after the three-year date? Why don't you tell us how the heck that happened? Well, Your Honor, I'd love to fill in the blanks there. First of all, you raised the issue of the motion for leave. A lot of attention was paid by the circuit court to the initial letters that were written. And granted, as has been commented on here, there's nothing in those letters to say, we hereby cancel today right now. There's nothing in the letters. But the motion for leave is different. And the circuit court even treated it as different, because I think the circuit court recognized the motion for leave had language in it that did say we want to rescind. This isn't a settlement discussion. We want to rescind. Why did you leave eight months and a day past? Well, I think what you can read in the record, and obviously we can't really discuss stuff that isn't in the record, what you read from the record is there were continuing attempts at settlement. And if I'm not mistaken, there was another letter written after that initial motion where the proposed counterclaim was attached. So it was not filed, regrettably, until one day after the three years had passed. If we had to do it all over again, I'm sure that would not have happened. But we're faced with the facts that we have. But nonetheless, that motion for leave, even if that was the only thing that was ever written, was sufficient. I don't think there's any dispute among the parties that the motion for leave, despite whatever language was used, could have been a basis for electing to rescind. Even the circuit court recognized the Harris v. OSI financial case where the counterclaim is a notice of intent to rescind because it only needs to be a written communication. It doesn't have to be a specially addressed letter. There's no specific format that has to be followed. It just has to be a written communication. So the motion for leave qualifies. I'm going to ask you to wrap up so you can save a couple minutes for rebuttal. And I would like an opportunity for rebuttal. In short, I think the rescission claim should survive, quite frankly, because 13207 from all the case law should be used to allow, even if we consider that the notice of rescission was not until the filing of the counterclaim. And I'll reserve my remaining time. Good morning. Good morning. Again, my name is Tony Vallulisan with my co-counsel Mindy Morales. We represent the lender, the plaintiff at Belize. I think both counsel, frankly, and the court got the issue right, which is, and it's a simple issue, a very simple issue, how do borrowers rescind a loan under TILA? Assuming, of course, that they have a right to rescind. And in this case, for the purposes of the motion down below and for this appeal, we're going to assume that they have a right to rescind. That issue was never litigated, but we're going to make that assumption that they had the three-year period to rescind. The answer to how they do it is also simple. All they have to do is give timely notice, within the three years, of their intent to ---- Notice only or file an action? Your Honor, I think you can argue very, and make a very good argument that they have to file the action. I think that you could also make an argument, not as good, but you could make an argument that notice is sufficient. But I don't think we have to make, we don't have to decide that here because if it is filing, that was late. And if it's notice before is in time, they didn't do it anywhere here in time. The letters themselves were all conditional. Nowhere in the letter did they say something simply like I rescind, we intend to rescind, we wish to rescind. All they say, very conditionally, is we want to make a loan modification. If their letter had more definite language in it, how would that have changed the procedural scenario? If their letter said we will, we are rescinding, we are rescinding, then under the case law, arguably under the statute, they had, they satisfied that three-year period, arguably. I think you can still argue, as Justice Smith pointed out, that you still may have to file within three years. But I recognize that they have a better argument if they had done that. But again, I don't think we have to reach that point because they didn't do that. They said if we're forced to litigate, we'll file a counterclaim, which will contain TILA affirmative defense. So it's like a condition preceding. It's a condition preceding. And so there's no definite period. As Justice Smith pointed out, that 20-day period is important. The lenders have, after a notice of intent to rescind is made, there's obligations on both sides, frankly, which is why I think that counsel was very careful in their language. I don't think this is a case about sloppy language. I think this was a case in which counsel was very careful. They had sophisticated counsel in this case. Counsel was very careful in not rescinding because obligations then happen on both sides. One, there's 20 days that the lenders have to return all the property, return any money they received, any security deposit, any down payment, and take steps to get rid of the security interest. But the borrowers have obligations, too. We can argue about the whole issue of tendering and whether you need to plead tender. That's arguable. But they do at some point have to tender either the property back or the value, one way or another. So it's not surprising that they wanted to use the threat of rescission as leverage to get a loan modification, but weren't quite ready to pull the trigger and actually rescind. Right. So I don't think the letters are totally conditional. Let's talk about the motion. The motion for leave to file. I think you could, again, make an argument that a motion to leave the file can contain the necessary notice of intent to rescind. This one didn't. This one, you have to look at the language of that motion. It's very careful. Here's what the motion says. The motion says they're seeking an opportunity to cancel the transaction by filing the counterclaim. That's the exact language. It's in paragraph 17 of their motion. The exact language of their motion. They're seeking an opportunity, which means they may or may not take advantage of that opportunity. And how are they going to rescind? How are they going to give you your intent, your notice? By filing the counterclaim. Take a look at the counterclaim itself. That counterclaim says, and I think it's paragraph 17 of the counterclaim. It's paragraph 3 of the motion. I may have confused that. But the language that I quoted was exact from the motion. The counterclaim that they filed late says, by filing this action, we are rescinding. That is a judicial admission, frankly, that they can't contradict. They are admitting that nothing they did beforehand constituted rescission. Nothing before they filed that motion. Because they admit in their counterclaim, which was not filed until it was late, that now and only now, the 20-day clock starts to run, now and only now, there is a notice of intent to rescind and an election to rescind. And Regulation Z requires an election. Now, the statute, if you argue that the statute is ambiguous and you can give notice of intent, whatever that means, it says, the statute says, notice of intent in accordance with the regulations by the board. Those regulations are found in Regulation Z. Regulation Z says you have to actually elect. And they're not saved by 13-207. First off, we've got to deal with Beach. United States Supreme Court has said that the statute, the limitation period that's built into TILA is a statute of repose. That is clear. That's what Terry found. That's whatever other case that looked at it has found. Counsel doesn't deny it. What counsel says is ignores that language of both Terry, which specifically, and I'm quoting, maybe not the exact language, but Terry did say the U.S. Supreme Court made clear in the Beach case that the 1635F, the three-year period, is a statute of repose. So what Beach also said, which is not surprising and not necessarily relevant, it said that under TILA, there is a section, 1635I3, which says that if state law allows a rescission claim in recoupment, that could be barred by a statute of repose, then state law will let state law do it. But there's no state law in Illinois that allows a rescission claim barred by a statute of repose to be saved. Not at least not 13-207. What about the two cases counsel cited in his brief? Different statute of limitations. I'm sorry, different saving statutes. One was 13-217, which is when a case is dismissed without prejudice or for lack of jurisdiction, you can bring a claim back. That has different language. 13-207 specifically says it doesn't bar claims. It saves claims barred by the statute of limitations. It has that language in it. Terry pointed that out. The other case, 13-217, talks about a limitations period. It's ambiguous. Because of that ambiguity, the court would say, well, we'll let that ambiguity include a statute of repose. Same for the other one that dealt with, I think it was 215, which is the fraudulent concealment statute. It had that same kind of wishy-washy language, which allowed the court to construe it to include a statute of repose. You can't do that here. There's no inartful drafting here. So tell me what you think about the damages and why the judge was pulled out of dismissal on something that wasn't even discussed. Well, because they filed a one-count complaint. One count. They didn't file two counts. The rules require if you're going to file a separate claim, you should put them in two different counts. They filed one count. The allegations in that count all went to rescission. In the relief, they made a request for damages. But our motion that was filed in the lower court asked to dismiss the entire count. We argued on the essence of the count that it was rescission and it was barred. Defendants, the Monzo's, should have said, wait a minute, Judge, there's also a damage claim here. And we have at least the right to amend to raise that damage claim as a separate action. They didn't do that. You're saying that by their silence in the hearing and the fact that they were combined into one count, it's effectively waived. Yes. Yes, very much so. Very effectively waived. But technically, we can still consider it. You have that right. And it would be, you know, we could live with sending this back in order to litigate whether or not they get the $4,000. And remember what they're suing for there. In that damages, the damages do not relate, which is also a very interesting point. Those damages do not relate to a failure to do what you're supposed to do within 20 days after rescission. No, it's that the bank didn't do the disclosures. So, you know, my guess is there's a $300,000 foreclosure claim. If that went back, they'd probably concede the $4,000. There wouldn't be any attorney's fees in connection with that. And it would reduce the foreclosure amount by $4,000. It doesn't change one thing. It doesn't change one thing. And they did effectively waive it. You can also argue, and I think correctly, that the damage claim itself is barred by the statute of limitations. Because under 1640, you can bring it within one year, or if the foreclosure case is brought after the one-year period is over, then it's not barred by the one year. Here, the foreclosure case was not brought after the one-year period was over. So the damage claim, I think, is subject to arguments that it's not saved. It's past the statute of limitations anyway. Now, this is a very quick conclusion. The one thing, I just want to make it very clear. In this case, we are not trying to take away any rights that borrowers have to rescind. All we are asking is that the court enforce the law as it is, which is they have to give a clear, present intent to rescind, so that lenders know when that 20 days click in. A ruling in our favor just keeps, it doesn't hurt the borrowers, it doesn't take anything away from borrowers. A contrary rule can really create much uncertainty, confusion. Thank you. Is that, again, V-A-L-I-U-L-I-S? That is correct. Thank you, Judge. All right, brief rebuttal. It will be brief. I've got a couple of points. There were a few arguments made by counsel and a couple of questions by the court that I think bear just a little underlining. First, I'll take them in order. I've got them written down here. There was some suggestion that our silence at the hearing on the motion to dismiss somehow waived our right to complain that the damage claim was being dismissed. What should be looked at, though, is that that issue wasn't actually raised until the court actually dismissed everything, because the briefing, as well as argument, was all about whether or not the time limit for rescission had passed. The first notice anybody had. Why didn't you brief on damages? Because it wasn't requested. That's the whole point, is the motion to dismiss the entire briefing was your rescission claim was late, your rescission claim was late. There was nothing about statutory damages. So it wasn't until the circuit court completely dismissed the entire counterclaim that the damage claim was dismissed. There was never any arguments about that from any party, including U.S. Bank. So that's why it's not waived. It didn't occur until the circuit court did it. There was no argument, oh, we want the damage claim, too. That was not a part of it. The 20-day period has been raised by both the court and counsel, as well, that this case somehow would put lenders in jeopardy because they won't know when that 20-day period starts. Well, the problem there is we'd be adding to the statute and to the regulation something that isn't there, a requirement to use certain specific language, and so there would be prejudice to borrowers because now you will have to write in some kind of a language that is not right now in the statute or the regulations. The second part to that is if there is any dispute or confusion by a lender as to whether or not there is a right to rescind or it's been elected, there is a remedy for the lender so that they are not prejudiced. They have two options. Either comply and simply begin a rescission period, or two, come to court and ask for relief. U.S. Bank did not do that here. They didn't come to Judge Gillespie and say, hey, there's been some indications here that the borrower may be trying to rescind. We'd like you to stop the 20-day clock while we talk to the borrower. That's relief they're allowed to have. They could have came in on a declaratory judgment action themselves and said there is no right to rescind, so we don't have to honor it. They could have did either of those things within 20 days of receiving any of the letters. Maybe they didn't think you were serious. Well, but that's a risk they run, Your Honor. The statute specifically says what they have to do. Yeah, but you could have taken care of that risk by filing it the day before the three-year rather than the day after. Well, and again, the motion to leave also specifically addressed that. So the point here is whether or not the burden is on the borrowers or the lenders to use specific language and to take action. There is no burden on the borrowers to use specific language. There is a burden on the lenders to act. So if there's any confusion, doubt, the burden is on them to step forward and say, please clarify. You don't have to use specific language, but don't you have to use clear language? Correct. And in the letters, we'll put those to the side for a moment because there's lots of discussion about those being done during the course of settlement. Clearly the motion for leave to file that counterclaim was not a part of settlement. It is a court filing that specifically said we now want to rescind. So the fact that you used the word opportunity, counsel makes some use of that. The problem here is this. I think U.S. Bank is losing focus that we're talking about the Truth in Lending Act, which is a consumer protection statute, which is supposed to be liberally construed in favor of the consumer. So to file a motion for leave to file a counterclaim, which itself has the TILA claim in it, and the motion says we want to file this, we now want to litigate our right to rescind, and to now say, well, that's not a notice that we want to rescind. But that would also say not just an opportunity, but it says by filing our counterclaim. So that's the condition preceding, right, filing of the counterclaim. Well, that language certainly is in the motion. But, again, I think we're over-splicing the language when we consider the fact that TILA is supposed to be a consumer-friendly statute and it's supposed to be liberally construed. The reason why we're parsing language, counsel, is because this was filed late. If it was filed on time. There is absolutely no doubt that maybe having a different argument if it was filed one day, and that actually leads me to one of my final points. Give us your final point. And this is it. The suggestion that maybe the lawsuit had to have been filed within the three years, regardless of whether or not anything was considered proper notice within the three years, that's not specifically briefed by any of the parties, but there is a case on point in the briefs. That's the NRA Hunter decision. That case actually did decide that issue. It's kind of a, I don't want to say a new argument, but it is an argument that has occasionally been raised by lenders, that we don't care when you wrote the letter telling us you want to rescind. The lawsuit needs to be filed. The NRA Hunter decision has that specific issue addressed and has ruled that no, as long as the notice is within three years, you have an entire another year to file the rescission claim under Section 1640. I'll let that be my last word. Okay. Thank you. Thanks for the argument. The briefs will take it under consideration and you'll hear from us directly.